## No. 830

### BRECK v. ROLLOWAY MOTOR CO.

No. 19968.   Supreme Court

On motion to certify.   Dock. July 12, 1926; 4 Abs. 493.

829.   NEGLIGENCE—May the manufacturer of an automobile accessory be held for damages resulting from the defective condition of the accessory when the same is sold and installed to the injured party by a retail dealer?

This action was brought originally by Theodore Breck against the Rolloway Motor Company in the Lucas Common Pleas for damages resulting from personal injury sustained by the alleged negligence of the Motor Company in manufacturing a steering wheel.

It appears that the wheel was sold and installed by a retail merchant and the evidence disclosed the defective condition of the wheel and that Breck attempted to show that the Company had been negligent in the manufacture of the same.

The judgment of the Common Pleas in directing a verdict in favor of the company was affirmed by the Court of Appeals.

Breck in the Supreme Court contends:

1.   That he was denied his constitution al right of a trial by jury.

2. That the manufactuer was liable to Breck as an ultimate consumer on the ground that the wheel was a "dangerously defective article".

Attorneys—Johnson, Johnson & Farber for Breck; Fraser, Hiett & Wall for Company; all of Toledo.

Note—OA. opinion will be found in 4 Abs. 600.

---

## No. 831

### HAYES v. HAYES

No. 19964.   Supreme Court

On motion to certify.   Dock. July 10, 1926; 4 Abs. 475.

85.   APPEAL AND ERROR—Does the 70 day limitation as provided in 12270 GC. for the filing of error proceedings run from the date in which the court orally announces its decree or from the date the judgment entry is approved and filed?

This action was brought originally by Egbert D. Hayes versus George H. Hayes for divorce and alimony and on December 11, 1925, by oral announcement the court granted a decree.   A motion for a new trial was overruled no December 15, 1925, and the judgment entry filed February 26, 1926.   The petition in error was filed on April 30, 1926.

The Court of Appeals dismissed the petition in error because it was not filed within the 70 day period.

George Hayes in the Supreme Court contends: that the 70 day period does not begin to run until the entry of the decree is approved and filed.

Attorneys—W. Kern and E. W. Dissette for Pltf; Clark & Costello, for Deft.; all of Cleveland.

---

## No. 832

### SNOUFFER v. SNOUFFER

No. 19965.   Supreme Court

On motion to certify.   Dock. July 12, 1926; 4 Abs. 493.

413.   DIVORCE AND ALIMONY—May a court render a decree of divorce upon a petition which does not state or set forth any of the statutory grounds of divorce but merely states certain facts concerning unconventional conduct on the part of the husband toward another woman?

Clara M. Snouffer brought this action originally against John M. Snouffer in the Franklin Common Pleas for divorce.

It appears that the petition did not set forth or allege any of the statutory grounds for a divorce, but merely set up certain actions of John Snouffer toward another woman.

The Common Pleas granted the divorce and by the decree awarded Clara property valued at $50,000, $850 as attorney fees and a monthly allowance of $200.·  The Court of Appeals modified the decree by reducing the monthly payments to $100.

John Snouffer in the Supreme Court contends:

1.   That the allowance for alimony was excessive, his net worth being approximately $98,000.

2.   That the Common Pleas erred in granting the divorce because the petition did not allege any of the statutory grounds of divorce as provided in 11979 GC.

Attorneys—W. J. Ford, for Pltf; W. E. Isaly for Deft.; both of Columbus.